# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerald Boitnott, | Case No.: _____ |
| Plaintiff, | |
| v. | |
| Slumberland Franchising, Inc. d/b/a Slumberland Furniture and Larson Enterprises, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| Defendants. | |

To: Clerk of Court, United States District Court, District of Minnesota, 300 South Fourth Street, Suite 202, Minneapolis, MN 55415, and Plaintiff above-named.

PLEASE TAKE NOTICE, that Defendants Slumberland Franchising, Inc. and Larson Enterprises, by their undersigned counsel, remove this action from the District Court for the Second Judicial District for the State of Minnesota, Ramsey County, to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. §§ 1331, 1367.

In support of its Notice of Removal, Defendants state the following:

1. On or about June 28, 2018, Plaintiff served a Summons and Complaint upon Defendants. (Exhibit A).

2. Exhibit A constitutes all process, pleadings, and orders in this action.

3. Consistent with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of service of the Summons and Compliant upon Defendants.

4. A Notice of Filing of Removal and a copy of this Notice of Removal to Federal Court are being contemporaneously filed herewith in the Minnesota District Court, Second Judicial District, Ramsey County, as required by 28 U.S.C. § 1446(d) and copies of the same have been served upon Plaintiff as verified by the attached Affidavit of Service.

## JURISDICTION

5. Plaintiff's claims may be removed from the Minnesota District Court, Second Judicial District, Ramsey County Court, pursuant to 28 U.S.C. §§ 1441 and 1331 (federal question jurisdiction) because the District of Minnesota is the District embracing the place where the action is pending.

6. The United States District Court for the District of Minnesota has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action constitutes a claim by Plaintiff for violation of federal statute. Plaintiff

specifically alleges a claim under the America with Disabilities Act, 42 U.S.C. § 12101 *et seq. (See* Compl. ¶¶ 39-58, Exhibit A).

7. The Court has supplemental jurisdiction over the remaining state law claim in this action because that claim is closely related to and arises out of the same set of operative facts as the federal law claim. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a) provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Claims are "part of the same case or controversy…. if they "derive from a common nucleus of operative fact.'" *ABF Freight Sys., Inc. v. Int'l Broth. Of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011) (quoting *Myers v. Richland Cnty*, 429 F.3d 740, 746 (8th Cir. 2005). Claims "derive from a common nucleus of operative fact if the 'claims are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceedings.'" *Id.* (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

9. The supplemental jurisdiction statute is subject to certain enumerated exceptions which do not exist here.

10. In cases where federal question jurisdiction exists, federal courts have exercised supplemental jurisdiction over state human rights act claims and other state law claims, such as the state law claim asserted by Plaintiff in this action. *See, e.g., Farris v. Exotic Rubber & Plastics of Minnesota, Inc.*, 165 F.Supp.2d 916 (D. Minn. 2001); *Hayes v. Blue Cross Blue Shield of Minnesota, Inc.*, 21 F.Supp.2d 960, 968 (D. Minn. 1998).

11. Nothing in this Notice of Removal should be construed as a waiver of any defenses by Defendants.

12. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

WHEREFORE, Defendants Slumberland Franchising, Inc. and Larson Enterprises hereby move this action from the District Court for the Second Judicial District, Ramsey County, Minnesota, to the United States District Court for the District of Minnesota, and request that this Court take jurisdiction of this action to the exclusion of any further proceedings in State Court.

5

                                                GRAY, PLANT, MOOTY,
                                                  MOOTY & BENNETT, P.A.

Dated: July 18, 2018                     By *s/ Amanda M. Sicoli*
                                                  Gregory R. Merz (#185942)
                                                  Email: gregory.merz@gpmlaw.com
                                                  Amanda M. Sicoli (#397685)
                                                  Email: amanda.sicoli@gpmlaw.com
                                             500 IDS Center
                                             80 South Eighth Street
                                             Minneapolis, MN 55402
                                             Telephone: (612) 632-3000

                                             **ATTORNEYS FOR DEFENDANTS SLUMBERLAND FRANCHISING, INC. and LARSON ENTERPRISES**

GP:4810-3752-9709 v1