# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerald Boitnott, | Case No.: 0:18-cv-02037-DWF-DTS |
| Plaintiff, | |
| v. | JOINT ANSWER |
| Slumberland Franchising, Inc. d/b/a Slumberland Furniture and Larson Enterprises, | |
| Defendants. | |

Defendants, Slumberland Franchising, Inc., and Larson Enterprises, for their Joint Answer to the Complaint in the above-entitled matter, state as follows:

1.   Defendants deny all allegations contained in the Complaint, except as may be expressly admitted in this Answer.

2.   In response to Paragraph 1, Defendants admit that the Paragraph correctly characterizes Plaintiff's claims and the nature of the relief sought but deny the Plaintiff's claims have legal merit or that Plaintiff is entitled to relief.

3.   In response to Paragraphs 2 and 3, Defendants admit that the Americans with Disabilities Act was enacted in 1990 and state that they are

without sufficient information to admit or deny the remaining allegations of those Paragraphs.

4. Paragraphs 4 through 6 state legal conclusions to which no answer is required. To the extent that those Paragraphs characterize the Americans with Disabilities Act and its implementing regulations, Defendants refer the Plaintiff to the text of the applicable statute and regulations.

5. In response to Paragraphs 7 and 8, Defendants admit that those Paragraphs accurately characterize relief sought in the Complaint but deny that Plaintiff is entitled to relief.

6. Defendants deny Paragraph 9 and 10.

7. In response to Paragraph 11, Defendants admit that the Paragraph accurately characterizes relief sought in the Complaint, but deny that Plaintiff is entitled to any relief.

8. Defendants deny Paragraph 12.

9. In response to Paragraph 13, Defendants admit that the Court has jurisdiction over this case.

10. In response to Paragraph 14, Defendants admit that venue in this judicial district is proper and that the Court has personal jurisdiction over the parties.

11. Defendants are without information sufficient to admit or deny Paragraphs 15 and 16.

12. In response to Paragraph 17, Defendants state that that Paragraph sets forth an incomplete and hypothetical set of facts to which no answer is required or possible. To the extent that an answer is required, Defendants deny the allegations regarding, generally, "the disabled community" and "disabled individuals" as distinguished from the needs of any particular person with a disability.

13. Defendants are without information sufficient to admit or deny Paragraph 18.

14. Defendants deny Paragraph 19.

15. In response to Paragraph 20, Defendants admit that Larson Enterprises owns real property at 1925 Suburban Avenue in Saint Paul, Minnesota, upon which a Slumberland store is being operated.

16. In response to Paragraph 21, Defendants state that they are without information sufficient to admit or deny that Plaintiff visited the Slumberland store at 1925 Suburban Avenue in Saint Paul and, if he did visit, what he became aware of.

17. In response to Paragraph 22, Defendants state that they are without information sufficient to admit or deny what the photographs attached as Exhibit A depict.

18. Paragraph 23 states a legal conclusion to which no response is required.

19. Defendants deny Paragraphs 24 through 26.

20. In response to Paragraph 27, Defendants state that, to the extent he intends to base his claims on alleged violations that he has not identified, Defendants lack sufficient information to admit or deny such non-specific claims.

21. In response to Paragraph 28, to the extent that that Paragraph characterizes the Americans with Disabilities Act and its implementing regulations, Defendants refer the Plaintiff to the text of the applicable statute and regulations. By way of further response, Defendants deny that all remedies demanded by Plaintiff are readily achievable.

22. Defendants are without information sufficient to admit or deny Paragraphs 29 through 34.

23. Defendants deny Paragraphs 35 through 37.

24. In response to Paragraph 38, to the extent that Paragraph characterizes the requirements of the Minnesota Human Rights Act, Plaintiff is referred to the text of the statute. By way of further response, Defendants admit that the Minnesota Human Rights Act contains certain accessibility requirements similar to those set forth in the ADA and that attached to the Complaint in Exhibit B is correspondence from counsel representing the Plaintiff that purports to give notice of architectural barriers.

25. In response to Paragraph 39, Defendants incorporate the above Paragraphs.

26. Paragraphs 40 and 41 state a legal conclusion to which no response is required.

27. Defendants deny Paragraphs 42 and 43.

28. Paragraphs 44 and 45 state legal conclusions to which no response is required.

29. In response to Paragraphs 46, Defendants deny that all remedies demanded by the Plaintiff are readily achievable.

30. Defendants deny Paragraph 47.

31. In response to Paragraph 48, Defendants state that the facility was not designed and constructed for first occupancy after January 26, 1993.

32. In response to Paragraph 49, Defendants state that removal of barriers, if any, is not readily achievable.

33. Paragraph 50 states a legal conclusion to which no answer is required.

34. Defendants deny Paragraphs 51 through 56.

35. Defendants admit that Paragraphs 57 and 58 accurately describe relief sought by Plaintiff but deny that Plaintiff is entitled to any relief.

36. In response to Paragraph 59, Defendants reallege the above Paragraphs.

37. In response to Paragraphs 60 and 61, Defendants admit that those Paragraphs accurately characterize relief sought but deny that Plaintiff is entitled to any relief.

## AFFIRIMATIVE DEFENSES

38. The Complaint fails, in whole and in part, to state a claim upon which relief may be granted.

39. The Complaint fails, in whole or in part, because complained of conditions have already been addressed in a manner that renders moot the claims relating to those conditions.

40. Remedies of certain of the alleged violations are not readily achievable.

41. Plaintiff lacks standing to assert claims based on alleged violations that he has not, himself, experienced.

WHEREFORE, Defendants demand that the Complaint be dismissed with prejudice in its entirety and that they be granted such other and further relief as may be deemed by the Court to be just and appropriate, including recovery of its costs and reasonable attorneys' fees to the extent allowed by law.

|  |  |
|---|---|
| Dated: | GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.<br><br>By *s/* Gregory R. Merz<br>  Gregory R. Merz (#185942)<br>  Email: gregory.merz@gpmlaw.com<br>  Amanda M. Sicoli (#397685)<br>  Email: amanda.sicoli@gpmlaw.com<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 632-3000<br><br>**ATTORNEYS FOR DEFENDANTS SLUMBERLAND FRANCHISING, INC. and LARSON ENTERPRISES** |

GP:4824-3009-9566 v1